April 9, 1909. The opinion of the Court was delivered by
A few days before 24th February, 1907, the plaintiff checked from Charleston, S.C. to Sumter, S.C. on defendant's railroad, a case containing one Gold Medal Computing Scale, used by him as a sample in his business as a traveling salesman. It does not appear when the scale reached Sumter, but it was in the defendant's baggage room, at Sumter, on 24th February, 1907, when a fire occurred destroying defendant's depot, including the baggage room. Plaintiff, in his complaint against the defendant, alleged the scale and case to have been destroyed, and sought to recover their full value, one hundred and twenty-two dollars and fifty cents. The evidence tended to show injury only, and the jury found a verdict for fifty dollars; the defendant appeals.
The first four exceptions charge abuse of discretion in the refusal of the Circuit Judge to grant a motion for continuance, made on the ground that William J. Walker, an officer of the Toledo Computing Scales Company, would testify, if present, that the scale belonged to that company and not to the plaintiff; and that, after due diligence, the defendant had not had time to secure the presence of Walker as a witness, or to have his testimony taken. The action was commenced on 1st June, 1907, and was not called for trial until November, 1907. The ownership of the scale was one of the issues made by the pleadings. It was certainly not an abuse of discretion for the Circuit Court to hold that six months was sufficient time to ascertain what would be the testimony of the officers of the scales company, and have it taken in Toledo, Ohio, their place of residence.
The instructions complained of in the fifth and sixth exceptions were nothing more than a statement of the rule, well established in this State, that when goods transported by a common carrier arrive at their *Page 238 
destination the liability continues to be that of a common carrier until the consignee has a reasonable time to remove them. Brunson v. R.R. Co., 76 S.C. 9, 56 S.E., 538.
The judgment of this Court is that the judgment of the Circuit Court be affirmed.